UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE HAYES and<br>AQEELA FOGLE<br><br>Plaintiffs,<br><br>v.<br><br>PHILIP E. HARVEY,<br><br>Defendant | :<br>:<br>:<br>:  Case No. 15-cv-2617<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' REPLY
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs respectfully submit the following in reply to Defendant's Motion for Summary Judgment. Plaintiffs filed their Motion for Summary Judgment on September 13, 2015 [Docket No. 16] and Defendant filed his Motion for Summary Judgment on September 14, 2015 [Docket No. 17]. Plaintiffs file this reply to correct certain misstatements and misunderstandings of the law at issue.

In his Statement of Undisputed Facts, Defendant (hereinafter "Defendant Harvey") states that Plaintiff Theodore Hayes did not reside at 536B Pine Street for over 16-18 years and only moved back to 536B Pine Street in 2003. Defendant's Motion for Summary Judgment, p. 2. To clarify, the Plaintiffs (hereinafter "Hayes Family"), never lived in 536B Pine Street, they have always lived, since Washington Square East was built in 1982, in 538B Pine Street. Furthermore, the fact that Mr. Hayes did not reside in the unit for a period of time before the Hayes Family was issued an Enhanced Voucher in

1

2010 does not affect his right to the Enhanced Voucher. The Enhanced Voucher section of the Fair Housing Act, 42 U.S.C § 1437f(t) (hereinafter "Enhanced Voucher Statute"), provides that tenants living in project-based Section 8 housing are eligible for tenant-based Enhanced Vouchers upon "the termination or expiration of the contract for rental assistance under this section for such housing project." 42 U.S.C. § 1437f(t)(2), *see also* 42 C.F.R. § 402.8. The project-based contract for rental assistance for Washington Square East was terminated in 2010 and the tenants living there at the time were issued Enhanced Vouchers. See Exhibits F and I attached to both Motions for Summary Judgment (Exhibit F is the One-Year Notice sent by the former owner of Washington Square East to the existing tenants notifying them of the upcoming contract termination, Exhibit I is the Section 8 tenant-based voucher lease that the Hayes Family entered into showing the family composition in 2010 at the time of the conversion from project-based to tenant-based assistance). Mr. Hayes has no less of a right to the Enhanced Voucher because he did not live there for a period of time prior to the Enhanced Voucher being issued to his family. All that matters is whether he was on the lease at the time the Enhanced Voucher was issued.

Defendant Harvey argues that the *Dodson v. Salvitti* consent decree entered into by the prospective tenants of Washington Square East, including the Hayes Family, limited the low-income nature of the housing to twenty years. Defendant's Motion for Summary Judgment, p. 9-10. Community Legal Services no longer has a copy of the consent decree, therefore it is unclear what the full terms of the agreement were. The Enhanced Voucher statute was not enacted into law until 1999 – over twenty years after the consent decree. At this point in time, the Hayes Family's Right to Remain with their

Enhanced Voucher subsidy in their home is governed by federal law as enacted by Congress, not by the consent decree.  42. U.S.C. §1437f(t).

Defendant Harvey argues that his property is not a project-based property and therefore he is not bound by his tenants' Right to Remain with their Enhanced Vouchers.  Defendant's Motion for Summary Judgment, p. 10.  The Hayes Family never stated that Defendant Harvey was a party to a project-based contract.  Rather, the Hayes Family has argued that the original project-based owner who opts out of renewing the project-based contract is not the only owner to be bound by the Enhanced Voucher's tenant protections.  See Plaintiffs' Motion for Summary Judgment, p. 13-16 and Amicus Brief filed by National Housing Law Project, p. 4-13.

Defendant Harvey relies on the language of the HAP Contract and its associated regulations to determine if and when he can terminate the lease of the Hayes Family.  Defendant's Motion for Summary Judgment, p. 10-13.  The Enhanced Voucher Statute's Right to Remain and its associated higher bar for terminating a tenancy is superimposed by statute on the HAP Contract and regulations cited to by Defendant Harvey.  See Plaintiffs' Motion for Summary Judgment, p. 13-16 and Amicus Brief filed by National Housing Law Project, p. 4-13.

Defendant Harvey and his counsel misunderstood the premise of the one-year opt-out notification requirement not to evict and its related case *In re People to End Homelessness, Inc. v. Develco Singles Apartment Associates*, 339 F.3d 1 (1st Cir. 2003).  Defendant's Motion for Summary Judgment, p. 16.  The notification requirements are that "[n]ot less than one year before termination of any [project-based Section 8 assistance contract], an owner shall provide written notice to the [HUD] Secretary and the

tenants involved of the proposed termination." 42 U.S.C. § 1437f(c)(8)(A).  *See also* 42 C.F.R. § 402.8.  Furthermore, "in the event the owner does not provide the notice required, *the owner may not evict the tenants or increase the tenants' rent payment until such time as the owner has provided the notice and 1 year has elapsed*."  42 U.S.C. § 1437f(c)(8)(B) (emphasis added).   This one-year period is the one year prior to the termination of the project-based assistance contract and prior to the issuance of Enhanced Vouchers.  The Enhanced Vouchers are provided to the tenants and go into effect at the time of the termination, following this one-year notice period.  Therefore the owner's prohibition from evicting or increasing rents during this one-year period is distinct from the rights and protections of the Enhanced Voucher Statute at 42 U.S.C. § 1437f(t).  It would not make sense for these two different sets of protections to coexist at the same time as it would predicate a double subsidy situation where a tenant was receiving both project-based assistance and Enhanced Voucher tenant-based assistance.  The Enhanced Voucher tenant-based assistance only goes into effect at the point in time when the project-based assistance terminates.  *Ibid*.

 Lastly, Defendant Harvey argues that the Hayes Family unit at "538B Pine Street is the only unit that meets the needs of Defendant's family."  Defendant's Motion for Summary Judgment, p. 17.  However Defendant Harvey again fails to give any reason why the adjacent 540B Pine Street unit would not also meet the needs of his family since it is the same bedroom-size, square footage, and location as 538B Pine Street.  Defendant Harvey and his daughters were unable to answer this question when asked during their depositions.  Defendant Harvey's Deposition attached to both Motions for Summary Judgment as Exhibit D 45:12-13, 58:10-15, 58:23-24, 61:14-18, and 62:2-6; Allison

Hindman-Harvey's Deposition attached to both Motions for Summary Judgment as Exhibit E 37:13-20; and Elizabeth Hindman-Harvey's Deposition attached to both Motions for Summary Judgment as Exhibit M 9:5-8, 11:1-6, and 14:23-15:10.

For the above reasons and for those presented in Plaintiffs' Motion for Summary Judgment and Memorandum of Law, Plaintiffs request that this Court enter judgment in favor of the Plaintiffs.

Dated:  September 27, 2015                     Respectfully submitted,


                                               */s/ Rachel Garland*_____
                                               Rachel Garland
                                               Michael Donahue
                                               George Gould
                                               COMMUNITY LEGAL SERVICES, Inc.
                                               1424 Chestnut Street
                                               Philadelphia, PA 19102
                                               Telephone: 215-981-3778
                                               Facsimile: 215-981-0434
                                               *Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**


I, Rachel Garland, Esquire, certify that on September 27, 2015, I electronically served via the ECF system a true and correct copy of the foregoing Plaintiffs' Reply to Defendant's Motion for Summary Judgment to:

>Susanna Randazzo, Esq.
>Kolber & Randazzo, PC
>1 South Broad Street, Suite 1610
>Philadelphia, PA 19107

*/s/ Rachel Garland*
Rachel Garland
Attorney for Plaintiffs
