IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE HAYES and AQEELA FOGLE | : CIVIL ACTION |
| Plaintiffs, | : |
| v. | : NO. 15-2617 |
| PHILIP E. HARVEY | : |
| Defendant. | : |

**O R D E R**

AND NOW, this _____ day of _____, 2016, upon consideration of Plaintiffs Theodore Hayes and Aqeela Fogle's Motion for Injunction Pending Appeal, and Defendant Philip Harvey's response thereto, it is hereby ORDERED and DECREED that Plaintiffs' Motion is DENIED.

BY THE COURT:

_____
NITZA I. QUINONES                    J.

IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE HAYES and AQEELA FOGLE | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 15-2617 |
| PHILIP E. HARVEY | : | |
| Defendant. | : | |

**DEFENDANT PHILIP E. HARVEY'S RESPONSE
OPPOSING PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

Defendant, Philip Harvey, respectfully requests that this Honorable Court deny Plaintiffs' Motion for Injunction Pending Appeal. In support of this response, Defendant Harvey incorporates herein by reference his memorandum of law and any supporting documents as if set forth at length.

Respectfully submitted,

KOLBER & RANDAZZO, PC

_____
Susanna Randazzo, Esquire
Attorney I.D. #79116
Attorney for Defendant Philip Harvey
One South Broad Street
Suite 1610
Philadelphia, PA 19107
(215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

Dated: June 9, 2016

IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE HAYES and AQEELA FOGLE : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | NO. 15-2617 |
| PHILIP E. HARVEY : | |
| Defendant. : | |

**DEFENDANT PHILIP E. HARVEY'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING APPEAL**

Defendant, Philip Harvey, (hereinafter "Defendant Harvey"), by and through his attorney, Susanna Randazzo, Esquire, hereby submit this response opposing Plaintiffs' Motion for Injunction Pending Appeal. Defendant respectfully submit that the factors governing whether to issue a stay pending appeal all weigh heavily against a stay and that Plaintiffs' motion should therefore be denied.

**I.    INTRODUCTION:**

On May 11, 2016, this Honorable Court denied plaintiffs' Motion for Preliminary Injunction. (Docket No. 26). On June 2nd, plaintiffs filed a notice of appeal regarding the Court's decision, and on June 3rd plaintiffs filed the instant motion seeking an injunction during the pendency of that appeal. The instant motion should be denied on the following grounds: (1) this Court has already denied plaintiffs' request for injunctive relief, and (2) plaintiffs have failed to meet the heavy burden required to justify an injunction pending an appeal of the dismissal of the injunction.

## II. FACTS

In lieu of reasserting the facts, Defendant incorporates by reference the facts as provided in Defendant's Motion for Summary Judgment (Docket No. 17) and includes here only those additional facts that will aid the Court in its resolution of plaintiffs' instant motion for injunction pending appeal.

## III. LEGAL STANDARD

The instant motion should be denied on the following grounds: (1) this Court has already denied plaintiffs' request for injunctive relief, and (2) plaintiffs have failed to meet the heavy burden required to justify an injunction pending an appeal of the dismissal of the injunction.

### A. Res Judicata

Under the doctrine of res judicata or claim preclusion, a second claim based on the same cause of action as a prior suit that involved the same parties is barred where there has been a final judgment on the merits in the prior suit. *Board of Trustees of Trucking Employees v. Centra*, 983 F. 2d 495, 504 (3d. Cir. 1992).

In the instant case, Plaintiffs' Complaint seeking injunctive relief has already been decided and denied by this Honorable Court. See Order of May 11, 2016 denying as moot Plaintiffs' Motion for Preliminary Injunction (Docket No. 26). Plaintiffs are now seeking to reinstate the same cause of action in filing the Motion for Injunction Pending Appeal.

Accordingly, given that this Honorable Court already denied Plaintiffs' Complaint for Injunction, this instant motion should be denied as a final judgment on this same exact issue has already been decided.

B.     Fed.R.Civ.P. 62(c)

Fed.R.Civ.P. 62(c) provides that:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

A stay is not a matter of right, even if irreparable injury might otherwise result. *Virginia R. Co. v. U.S.*, 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463. It is instead "an exercise of judicial discretion," and as with any exercise of discretion, the court must balance the equities presented by the particular set of facts. *Thomas v. PHA*, 875 F. Supp. 272, 273 (E.D.Pa 1995) (citing *Evans v. Buchanan*, 424 F. Supp. 875, 879 -80 (D.Del. 1976). The party seeking the stay must show (1) that he/she will likely prevail on the merits of the appeal, (2) that he/she will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4 Cir. 1970), *Harris v. Pernsley*, 654 F.Supp.1057, 1059 (E.D. Pa. 1987).

The Third Circuit has held that in considering the four-prong test the district court should realize that:

> "these four factors structure the inquiry, however, no one aspect will necessarily determine its outcome. Rather, proper judgment entails a delicate balancing of all elements."

*Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815, (3d Cir. 1978). See, *Evans v. Buchanan*, 424 F.Supp. 875, 879 (D.Del.1976).

Where the issue to be decided on appeal is the grant or denial of a preliminary injunction, the burden on a party seeking an injunction pending appeal is a heavy one because the party "has

already lost the initial determination [regarding a] preliminary injunction and the factors are similar." *O'Brien v. Appomattox Cnty.*, Civ. No. 02-43, 2002 WL 31663226, at 1 (W.D. Va. Nov. 15, 2002) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure § 2904 at 503-04, 513-14 (1995)).

Moreover, although the above four prong analysis echoes that of a motion for a preliminary injunction, a plaintiff seeking a stay "has, relatively speaking, more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture." *Dehainaut v. California Univ. of Pennsylvania*, 2011 WL 3810132, at *2 (W.D.Pa. Aug.29, 2011)) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir.1991)). The party seeking such relief is "deemed to bear a very heavy burden of persuasion." Id. (quoting *F.T.C. v. Equitable Resources, Inc.*, 2007 WL 1500046, at 1 (W.D.Pa. May 21, 2007)). Because of this heavy burden, "more commonly stay requests will not meet this standard and will be denied." *Dehainaut*, 2011 WL 3810132, at 2 (quoting *11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 2904, pp. 503–05 (1995)).

In *Thomas v. Philadelphia Housing Authority*, 875 F. Supp. 272, 273 (E.D.Pa 1995), the Honorable Eduardo Robreno denied public housing tenant's motion for stay pending appeal despite plaintiff's claim that he was without the financial resources to obtain private housing. Judge Robreno held that after balancing the "equities present" (ie: financial problems, public demand for public housing and unlikely to prevail on appeal), plaintiff failed to meet his burden of a stay.

Similarly in *Philadelphia Counsel of Neighborhood Organizations v. Adams*, 451 F. Supp 114 (E.D. Pa. 1978), the Honorable Raymond Broderick denied plaintiff's motion to

enjoin the City of Philadelphia from awarding any construction contracts in connection with the construction of Center City Commuter Rail Connection. The Court held that when considering all the of the four prongs it found that the City was not enjoined from awarding contracts even if plaintiff's would suffer irreparable harm.

### 1. No likelihood of success on appeal

In attempting to demonstrate a likelihood of success on appeal, Plaintiffs contend that this Honorable Court misinterpreted the statutory, regulatory and case law regulating Enhanced Vouchers. (See Plaintiffs' Motion for Injunction Pending Appeal, pg. 9). Interestingly however, Plaintiffs cite to no legal authority which provides that Plaintiffs are entitled to an endless lease. Instead plaintiffs misconstrue the statutory framework regarding Enhanced Vouchers and aver that Plaintiffs have an endless lease despite having no ownership interest in the property.

Plaintiffs challenge this Court's prior rulings by relying on the precise arguments that the Court has already rejected at the summary judgment stage. No new arguments are advanced in the instant motion, and the authorities cited by Plaintiffs are the same authorities that this Court considered in issuing its previous rulings. "Mere repetition of arguments previously considered and rejected cannot be characterized as a 'strong showing' " of a likelihood of success on the merits. *Schwartz v. Dolan*, 159 F.R.D. 380, 383–84 (N.D.N.Y.1995) (finding no likelihood of success where "[d]efendant advance[d] no arguments that this court has not heard, and ruled upon, before.").

Identical to plaintiffs' first request for injunctive relief, the instant motion purports to claim that "multiple federal courts have...granted preliminary and permanent injunctions protecting assisted tenants' Right to Remain" (pg. 19). However all the cases cited by Plaintiffs have no bearing on the case at hand and are entirely distinguishable from the facts of this case.

As a matter of fact, there is **no** case law cited by Plaintiffs, as none exists, to support their proposition that an owner such as Defendant Harvey who *purchased*[1] the property with no deed restrictions, no federal subsidy, no federal insurance, no federal mortgage, and no project based Section 8 Contract is required to permit the Hayes Family to reside in the unit in perpetuity.

Notwithstanding that Defendant Harvey never entered into a *project based*[2] Section 8 Contract with HUD, the First Circuit Court of Appeals has held that "there is no statutory authorization which would require the Owners to continue participating in HAP contracts once they expired. See, *In People to End Homelessness, Inc. v. Develco Singles Apartment Associates*, 339 F. 3d 1 (1st Cir. 2003) in which the project based HAP contract was set to expire and the owner sent a non-renewal notice to each tenant. HUD then issued the tenants who chose to remain enhanced vouchers. Plaintiffs filed suit in the District Court seeking to enjoin defendant from evicting them stating failure of the opt out letter to comply with the law. The court granted the restraining order prohibiting the owners from evicting the tenants for one year or until they received the appropriate notice letter. However, it also granted defendant-owner's motion for summary judgment finding that 42 U.S.C. §1437 f(t) only obligated HUD to provide a voucher and that the landlord was estopped from evicting only during the one year notice period.

The First Circuit found that §1437 f(t) concerned only HUD's obligation to not force "enhanced voucher tenants" to leave their residence upon the expiration of the project based

---

[1] Defendant Harvey agrees with the Honorable Nitza I. Quinones Alejandro that Mr. Harvey entered into a HAP Contract with the local housing authority, PHA, whereby pursuant to the contract Defendant Harvey receives federal monies that pays a portion of plaintiffs' rent. Defendant Harvey's Motion for Summary Judgment and instant response is solely advising this Court that he received no federal funds to *purchase* the property. To the contrary, the previous opt out owner utilize federal funds to purchase and/or construct the property.

[2] The HAP contract between PHA and Defendant Harvey is a tenant based contract.

contract. Id at. 4. Per the statute, the tenants "may elect to remain," and if they do make such election, HUD must issue them an enhanced voucher so as to permit the tenant to pay the higher rent that may now be charged by the landlord-owner.

Under the 2000 amendment to ¶1437 f(t), Congress clarified that HUD may not avoid its obligation to issue an enhanced voucher by insisting that the tenant leave his or her unit when an "eligibility event" such as the expiration of the project-based contract occurs. 114 Stat. 569 (2000), Pub. L. No. 106-246 §2801. The Section 8 Renewal Policy further clarifies that the assisted families have "the right to remain in their units as long as the units are offered for rental housing when issued an enhanced voucher.." Clearly the purpose of the "may elect to remain" language regards HUD's obligation to issue the enhanced voucher and pay the higher rent if the tenant chooses to remain, not that the family has the right to remain indefinitely.

Moreover, the Section 8 Renewal Policy explicitly refers to "Owner" as the opt out project based landlord. Enhanced Voucher is defined as:

> "tenant based housing assistance used to assist eligible families
> affected by certain types of housing conversion actions."

See Section 8 Renewal Policy, Chapter 11, Section B.

Housing Conversion Actions is defined as:

> "housing conversion actions include Project-based Section 8 opt out,
> preservation prepayment, HUD enforcement actions and HUD
> property disposition (PD)...***This Notice outlines policies and processing
> guidelines for administering vouchers in cases of Housing Conversion
> Actions.***

See Section 8 Renewal Policy, Chapter 11, Section C.

Accordingly, but HUD's own definition, the Section 8 Renewal Policy is not applicable to the case at hand since Mr. Harvey is NOT the opt out owner and the housing conversion took

place in 2008 when Plaintiffs' former landlord send them an opt out letter.

The conclusions reached by the Court are supported by the decisions of other Courts and are based on sound statutory interpretation. Thus, Plaintiffs will most likely not prevail on appeal.

### 2. Plaintiffs will not suffer irreparable harm if they are evicted.

By plaintiffs own admission they will be given a voucher to move to another Section 8 property if evicted from the Pine Street property. Accordingly, they will remain housed, continue to receive housing rental assistance and will be entitled to find suitable housing of their own choice. This is contrary to the argument made by plaintiff in the *Thomas v. PHA*, 875 F. Supp. 272, 273 (E.D.Pa 1995) matter. In *Thomas*, plaintiff, a public housing tenant argued that he could potentially be homeless if the stay was not granted. Notwithstanding, Judge Robreno held that plaintiff failed to meet his burden of proof.

Moreover, the combined household income for the Hayes/Fogle family is over $59,000 which will prevent them from being homeless if assuming arguendo they would not be eligible for a regular payment standard of $1,546 per month. Mr. Hayes is furthermore accustomed to not residing at the Pine Street property as he ***did not reside at 536 B Pine Street for over 16 - 18 years***. He moved back to 536 B Pine Street in 2003.

Plaintiffs have reaped the benefits of living in Society Hill since 1982. It is not uncommon for families, of any economic means, to move from their long lived place of residence for numerous reasons: divorce, job relocation, foreclosure, termination of lease by private landlord, inability to afford increased rent in the private market, etc. The Hayes Family's connection to this area can continue as nothing prevents them being members of their church, and the children will most likely remain members of the same school given the Philadelphia

School District's policy of busing children from distant places. Furthermore, Ms. Fogle's children reside with either their fathers or grandmother on many days of the week, thus are also accustomed to other neighborhoods within the City of Philadelphia.

Accordingly, Plaintiffs have failed to show that they will suffer irreparable harm if evicted.

### 3. Defendant will be harmed by the stay

The harm to Defendant Harvey is significantly greater than the harm to Plaintiffs. As noted in Defendant's Motion for Summary Judgment, Defendant's constitutional rights regarding his property rights are being infringed upon by Plaintiffs' failure to vacate despite the Court Order denying their preliminary injunction. Property rights are fundamental rights in the United States of American and Defendant respectfully requests that this Honorable Court acknowledge that this constitutional right outweighs Plaintiffs' concern that they will have to move to another property where they will continue to receive a housing subsidy.

Moreover, Defendant disagrees that the contract rent of $2,400[3] is reasonable in light of the fact that he receives over $4,000 for a comparable apartment within the Pine Street complex.

Defendant Harvey disagrees that he can make renovations to the unit while the Plaintiffs continue to reside in the unit. Moreover, there are no other units to house the Plaintiffs as all other units within the Pine Street property are rented. Thus, Defendants ability to renovate the property, if at all, is hindered by plaintiffs continued residency in the unit.

### 4. No public interest is served by the granting of the injunction

There is simply no public interest served with issuing the stay. Plaintiffs argue that they

---

[3] The rental subsidy is $2,063 leaving plaintiffs with an out of pocket monthly rent of $337.00.

bring "racial and socio-economic diversity" to the neighborhood, yet they offer no statistics to prove their point. As a matter of fact, Plaintiffs' neighbor, who is also a tenant of Mr. Harvey, is also a low income tenant who receives a rental subsidy and she is not being evicted.

Moreover, the public interest is served by not granting the stay since the rental subsidy, which is paid for by public funds, will decrease from $2,063 to $1,546[4] per month. In one year alone, the savings to the public is over $6,200. The subsidy would substantially increase to possibly over $3,200 if renovations are completed to the unit as suggested by Plaintiffs.

Defendant is at a complete loss to understand how plaintiffs' continued residency at the Pine Street unit supports the public's interest and as such, this prong fails as well.

## IV.  CONCLUSION

Defendant Harvey respectfully requests that this Honorable Court deny Plaintiffs' Motion for Injunction Pending appeal as Plaintiffs have failed to meet the high standard outlined above. In initially denying plaintiffs' motion for a preliminary injunction, this Court necessarily determined that plaintiffs failed to meet their burden under the four-part injunction test. Plaintiffs in the instant motion offer no new support but instead merely incorporate the arguments this Court has already rejected.

Accordingly, given that the Rule 62(c) factors are identical to the preliminary injunction standard, the Court's prior ruling is dispositive of plaintiffs' present motion.

---

[4] The enhanced voucher subsidy is approximately $6,204 more per year than a regular payment subsidy. In just the last five years the local housing authority paid over $31,000 more for the enhanced voucher as compared to a regular voucher for the Hayes/Fogle family. Granting of plaintiffs' motion is to the detriment of other public housing tenants and public housing programs which rely on public funds.

For the foregoing reasons, plaintiffs' motion for an injunction pending appeal should be denied.

Respectfully submitted,

KOLBER & RANDAZZO, P.C.

BY: _____
Susanna Randazzo, Esquire
I.D. No. 79116
1 South Broad Street
Suite 1610
Philadelphia, PA 19107
P - (215) 567-1333
F - (215) 567-2099

Dated: June 9, 2016

## CERTIFICATE OF SERVICE

I, Susanna Randazzo, hereby certify that I caused a copy of Defendant Harvey's Response In Opposition to Plaintiffs' Motion for Injunction Pending Appeal to be served to all parties electronically by the E-Filing system, or by mail, on the date of E-Filing acceptance of the document.

Rachel Garland, Esquire<br>
Michael Donahue, Esquire<br>
George Gould, Esquire<br>
Community Legal Services<br>
1424 Chestnut Street<br>
Philadelphia, PA 19102<br>
Attorney for Plaintiffs

KOLBER & RANDAZZO, P.C.

_____
Susanna Randazzo, Esquire
I.D. No. 79116
1 South Broad Street
Suite 1610
Philadelphia, PA 19107
P - (215) 567-1333
F - (215) 567-2099

Dated: June 9, 2016