IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE HAYES and AQEELA FOGLE | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 15-2617 |
| | : | |
| PHILIP E. HARVEY | : | |
| | : | |
| Defendant. | : | |
| | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2019, upon consideration of the Defendant Philip E. Harvey's Motion for Summary Judgment, and Plaintiff's response thereto, if any, it is hereby ORDERED that Defendant's Motion is GRANTED and Plaintiff's Complaint For Declaratory and Injunctive Relief is hereby DISMISSED against Defendant Harvey with prejudice.

BY THE COURT:

_____
NITZA I. QUINONES          J.

IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE HAYES and AQEELA FOGLE | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 15-2617 |
| PHILIP E. HARVEY | : | |
| Defendant. | : | |

**DEFENDANT PHILIP E. HARVEY'S**
**MOTION FOR SUMMARY JUDGMENT PURSUANT TO**
<u>**FEDERAL RULE OF CIVIL PROCEDURE 56**</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, Philip Harvey, by and through his undersigned counsel, respectfully requests that this Honorable Court enter summary judgment in favor of Defendant Harvey and dismiss with prejudice Plaintiffs' Complaint for Declarative and Injunctive Relief as there are no issues as to any material fact. In support of this motion, Defendant Harvey incorporates herein by reference the attached Memorandum of Law and any supporting documents as if set forth at length.

                                                            Respectfully submitted,

                                                            KOLBER & RANDAZZO, PC

                                                            _____
                                                            Susanna Randazzo, Esquire
                                                            Attorney I.D. #79116
                                                           Attorney for Defendant Philip Harvey
                                                           One South Broad Street
                                                           Suite 1610
                                                           Philadelphia, PA 19107
                                                           (215) 567-1333
                                                           Fax (215) 567-2099

Dated: November 27, 2019                    srandazzo@krpc-law.com

# TABLE OF CONTENTS

I. INTRODUCTION AND PROCEDURAL BACKGROUND..................................1

II. STATEMENT OF UNDISPUTED FACTS ............................................................ 3

III. STANDARD OF REVIEW.......................................................................................3

III. LEGAL ARGUMENT   ............................................................................................4

A.  Statutory Background .......................................................................................4

       1. Enhanced Vouchers ..................................................................................5

C. Good Cause Exists for the Eviction of the Hayes Family........................................8

VII. CONCLUSION ......................................................................................................11

## TABLE OF SUPPLEMENTAL EXHIBITS

Defendant incorporates Plaintiffs Exhibits A through and including W

| | |
|---|---|
| Exhibit X: | HUD Brief For The United States Department of Housing & Urban Development As Amicus Curiae |
| Exhibit Y: | HAP Contract |
| Exhibit Z: | HUD Project Based Vouchers – Frequently Asked Questions www.hud.gov/sites/documents/DOC_9157.PDF |
| Exhibit 1: | Housing Chouse Voucher Fact Sheet |
| Exhibit 2: | Section 8 Renewal Policy Guide |

IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE HAYES and AQEELA FOGLE : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | NO. 15-2617 |
| PHILIP E. HARVEY : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PHILIP E. HARVEY'S MOTION FOR
SUMMARY JUDGMENT**

Defendant, Philip Harvey, (hereinafter "Defendant Harvey"), by and through his attorney, Susanna Randazzo, Esquire, hereby requests that this Honorable Court enter an Order granting his Motion for Summary Judgment dismissing with prejudice Plaintiff, Aqeela Fogle's, (hereinafter referred to as "Plaintiff" and/or "Hayes Family") Complaint against Defendant Harvey on the grounds that there is no genuine issue as to any material fact, and in support thereof avers the following:

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

The Plaintiffs, the Hayes Family, are residents of 538 B Pine Street, Philadelphia, PA. This unit is part of a property parcel located at 536-540 Pine Street (hereinafter the "property"). The property consists of three duplex row homes each with first floor one-bedroom apartments (536A, 538A and 540A), two four bedroom apartments on the second floor (538B and 540B) and one three bedroom apartment on the second floor (536 B).

Defendant Philip E. Harvey purchased the property in 2010 and he thereafter entered into

a one year lease agreement with Florence Hayes, the deceased mother of Theodore R. Hayes, on May 11, 2010.

On February 17, 2015 and May 1, 2015 Defendant Harvey served the Hayes Family with notices of non-renewal of the lease agreement which was set to expire on April 30, 2015. (Exhibits K and L). The May 1, 2015 notice of eviction letter stated Mr. Harvey's intention to renovate the unit and move a family member into the unit. (Exhibit L).

In response to the notice of eviction, the Hayes Family filed the instant Complaint seeking to enjoin the eviction. Both parties filed cross Motions for Summary Judgment and the Honorable Nitta I. Quinones found in favor of Defendant Harvey finding that §1437f(t) does not "impose any continued obligation on the owner to remain in the program or to continue renting to said tenant in situations where the lease has expired." *Hayes v. Harvey*, 186 F. Supp. 3d 427, 425 (E.D. Pa. 2016)).

Plaintiffs appealed the district court's finding and on appeal, the 3rd Circuit affirmed in a 2-1 decision. *Hayes v. Harvey*, 874 F.3d 98, 100 (3d Cir. 2017). The 3rd Circuit subsequently granted Appellant's request for a rehearing en banc.

On August 31, 2018 the Third Circuit entered an en banc Order remanding the case to the Eastern District of Pennsylvania for a determination on whether Defendant Harvey's stated reasons for the eviction of the Hayes Family constitutes good cause under the Enhanced Voucher Statute. *Hayes v. Harvey*, 903 F.3d 32 (3rd Cir. 2018).

As discussed *infra*, Plaintiffs' Complaint for Preliminary Injunction is without legal basis as good cause exists for the proposed eviction of the Hayes Family consistent with the regulations governing enhanced voucher tenants. §1437f(o)(7)(c).

## II.   STATEMENT OF UNDISPUTED FACTS

The Statement of Undisputed Facts is attached hereto as Exhibit A.

## III.   STANDARD OF REVIEW:

Summary judgment pursuant to FRCP 56, may be entered "...if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law." *Kornegay v. Cottingham*, 120 F.3d 392, 395 (3d Cir. 1997). Summary judgment should only be granted where no factual or legal issues exist. *Caldwell v. Wilson Freight Forwarding Co.*, 332 F.Supp. 43 (W.D. Pa 1971) and *Gold Fuel Serv. v. Esso Standard Oil Co.*, 195 F.Supp. 85 (D. N.J. 1961) *aff'd* 306 F.2d. 61 (3d. Cir. 1962) *cert. denied* 371 U.S. 951, (1963).

All doubts as to the existence of a genuine issue of a material fact must be resolved in the favor of the non-moving party. *Tobelman v. Missouri-Kansas Pipe Line Co.,* 130 F. 2d. 1016, 1018 (3d. Cir. 1942). A material fact is one which will affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d. 202 (1986). However, if the evidence of the non-moving party is merely colorable, or if it is not significantly probative, summary judgment may be granted. Id.

For the following reasons, there exist no genuine issue of material fact and this action should be decided as a matter of law.

## IV. LEGAL ARGUMENT

### A. Statutory Background

The Housing Choice Voucher Program (HCV), formerly known as Section 8, is a federally funded program which is administered by the local housing authorities. The program provides subsidized rental assistance to ***very low-income*** and disabled families to afford housing in the private market. (See, Exhibit "1", HUD, Housing Choice Voucher Fact Sheet, *emphasis added*).

HCV may be either "project-based" or "tenant based." 24 C.F.R. §982.1(b)(1). Project based assistance is tied to the individual units where as tenant based assistance is associated with the tenant and moves along with the tenant when he or she moves to another HCV unit. Under the tenant based voucher program HUD enters into a HAP contract with private owners for individual units after the tenant has selected their unit of choice. Tenant based vouchers are portable meaning that the tenant may choose to live in any property where an owner agrees to enter into a HAP contract. 42 U.S.C. §1437f(o)(1)(B), 42 U.S.C. §1437f(o)(2)(A)-(B). A family that is issued a housing voucher is responsible for finding a suitable housing unit of the family's choice where the owner agrees to rent under the program. (Exhibit 1, HUD Housing Choice Voucher Fact Sheet).

Under the project-based voucher program, local housing authorities enter into an:

> "assistance contract with the owner for ***specified units*** and for a specified term. The PHA refers families from its waiting list to the project owner to fill vacancies. ***Because the assistance is tied to the unit, a family who moves from the project-based unit does not have any right to continued housing assistance.*** However, they may be eligible for a tenant based voucher when one becomes available."

4

(Exhibit Z, Project Based Vouchers – Frequently Asked Questions, *www.hud.gov/sites/documents/DOC_9157.PDF*).

### 1.     Enhanced Vouchers

In the 1960's, Congress sought to entice landowners to build affordable project based rental housing for low-income and disabled tenants by subsidizing and insuring mortgage loans for the construction of multifamily housing. See Housing & Urban Development Act of 1968, 82 Stat. 476, 498-503 (1968), Pub. L. No. 90-448, §§ 201 (a), 236 (a)-(g). Under this program, HUD entered into contracts with private homeowners to insure and subsidize the interest payments of the mortgages held by the owners. In the late 1980's many of these owners became eligible to prepay mortgages, thus terminated their contracts with HUD and opted out of the project based program 24 C.F.R. §221.524 (a)(ii)(197).

In order to protect tenants residing in assisted units when owners sought to "opt out", Congress enacted a notice requirement requiring the owner to provide the tenant and HUD with written notice "not less than one year before the [proposed] termination." 42 U.S.C. §1437f(c)(8)(A).

As numerous project based contracts began to expire in the late 1990's, Congress authorized HUD to issue "enhanced vouchers." See 113 Stat. 1047, 1113 (1999), Pub. L. No.: 106-74, §531(d)(1). Under the enhanced voucher program, if an owner opts out of the project based contract, HUD is authorized to issue "enhanced" vouchers to tenants who are residing in the project at the date of the contract expiration. 42 U.S.C. §1437f(t).

On July 13, 2000, Congress amended subsection (t) to provide that the "assisted family may elect to remain in the same project" at the time of the contract termination or housing

conversion. 114 Stat. 569 (2000), Pub. L. No. 106-246 §2801; *Id* §1437f(t)(1)(B)(2000). The statue provides:

> ***(1)In general Enhanced voucher assistance under this subsection for a family shall be voucher assistance under subsection (o)***, except that under such enhanced voucher assistance—(A)subject only to subparagraph (D), the assisted family shall pay as rent no less than the amount the family was paying on the date of the eligibility event for the project in which the family was residing on such date; (B)the assisted family may elect to remain in the same project in which the family was residing on the date of the eligibility event for the project, and if, during any period the family makes such an election and continues to so reside, the rent for the dwelling unit of the family in such project exceeds the applicable payment standard established pursuant to subsection (o) for the unit, the amount of rental assistance provided on behalf of the family shall be determined using a payment standard that is equal to the rent for the dwelling unit (as such rent may be increased from time-to-time), subject to paragraph (10)(A) of subsection (o) and any other reasonable limit prescribed by the Secretary, except that a limit shall not be considered reasonable for purposes of this subparagraph if it adversely affects such assisted families;

42 U.S.C. §1437f(t).

As noted *supra*, all other statutory provisions governing ordinary vouchers apply to enhanced vouchers. Specifically, 42 U.S.C. §1437 f(o)(C) provides that:

> during the term of the lease, the owner shall not terminate the tenancy except for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause, and in the case of an owner who is an immediate successor in interest pursuant to foreclosure during the term of the lease vacating the property prior to sale shall not constitute other good cause, except that the owner may terminate the tenancy effective on the date of transfer of the unit to the owner if the owner—

In conjunction with the amendment, HUD issued a publication that provided guidance to tenants regarding their rights to remain in their homes when landlords decide to exercise their opt-out prerogative. The HUD Policy Guide provides that owners who have decided to opt-out of the project based Section 8 program to certify that they "will comply with the requirements to

6

allow families receiving enhanced vouchers who elect to remain to do so as long as the property remains a rental property, ***unless the owner has just cause for eviction.***" (See Exhibit 2, Section 8 Renewal Policy Guide, page 5-6, emphasis added).

Consistent with their policy and federal regulations, HUD, in their amicus brief to the 3rd Circuit en banc, explained that when Congress amended subsection (t) it made clear that the added clause was intended to:

> clarif[y] that assisted families continue to have the right to elect to remain in the *<u>same unit</u>* of their project if that project is eligible to received enhanced vouchers." H.R. Rep. No. 106-521, at 42-43 (2000); see also, H.R. Rep. No. 106-710, at 164 (2000)(Conf. Report)(report on 2000 amendment)(noting that the amendment was intended to 'clarif[y] the intent of the enhanced voucher provision). Unlike other interpretations, HUD's interpretation of §1437f(t)(1)(B)'s first clause gives Congress's 2000 amendment meaning and accords with Congress' intent to provide enhanced voucher tenants with a right to remain in their former project-based assistance *<u>units</u>*."

(Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 15, emphasis added).

HUD further noted that:

> An enhanced voucher converts to an ordinary voucher if the family ***moves from the relevant unit*** or allows another family to use the voucher 42 U.S.C. §1437(t)(1)(C). ***Enhanced vouchers are thus tied both to specific units (a unit formerly subject to project-based assistance) and specific tenants (the family who occupied that unit on the date the owner's project-based assistance contract expired).***

(Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 5, emphasis added).

HUD further added that it:

> ...has long interpreted §1437(t)(1)(B), as amended by Congress in 2000, as providing enhanced voucher tenants with a qualified right to remain ***in their units*** (provided that the relevant units continue to be offered as rental housing and remain otherwise eligible for rental assistance), such that they may not be evicted at the end of a lease term absent ***good cause***.

(Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 6, emphasis added).

Moreover, HUD policy mandates that "housing choice voucher program rules, regulations, and requirements apply to special admission vouchers made available for families as the result of Housing conversion actions" such as enhanced vouchers. (See PIH PIH 2001-41). In other words, although the federal code created the enhanced voucher, 42 U.S.C. §1437f(t), the federal regulations are used to administer the program.

B.    Good Cause Exists for the Eviction of the Hayes Family

As noted *supra*, all other statutory provisions governing ordinary vouchers apply to enhanced vouchers. The 3rd Circuit en banc opined that §1437 f(o)(7)(C) pertaining to ordinary vouchers, "applies and allows property owners to, at any time, terminate enhanced voucher tenancies 'for serious or repeated violations of the terms and conditions of the lease, for violation of applicable Federal, State, or local law or for other good cause." *Hayes v. Harvey*, 903 F.3d 32, 43 (3d Cir. 2018).

Inconsistent with the above, the 3rd Circuit then finds that "HUD has not, however, promulgated a good cause regulation that govern enhanced vouchers, and it has issued no relevant guidance." *Id*. at 48. However there is no statutory ambiguity and HUD has consistently held that good cause is a ground for eviction for enhanced voucher holders.

As a matter of fact, in conformity with the statutory language, HUD, in footnote 1 of their amicus brief explained that:

> The statutory provisions and regulation governing the Housing Choice Voucher Program generally apply to the enhanced voucher program, see 42 U.S.C. §1437f(t)(1). Thus, enhanced voucher tenants, like Housing Choice voucher tenants, may be evicted for "serious or repeated violation of the terms and conditions of the lease, for violation

8

>of applicable Federal, State or local law, or for other good cause."
>Id. §1437f(o)(7)(c); see also 12 U.S.C. §1715Z-1b (stating that the lease
>for an enhanced voucher unit must include a "good cause" eviction clause).
>HUD had defined the grounds for eviction in 24 C.F.R. §982.310, which
>include, but are not limited to, an enhanced voucher tenant's failure to pay
>their share of the rent, a tenant's criminal activity, a tenant's destruction of
>the owner's property, the owner's desire to use the unit for personal or family
>use, and a business or economic reason for termination of tenancy (such as a
>desire to renovate the unit).

(Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 6, fn 1).

24 C.F.R. §982.310 (d)(1), Owner Termination of Tenancy, provides that "good cause for termination of tenancy by owner may include, but is not limited to, any of the following examples:

>(i) Failure by the family to accept the offer of a new lease or revision;
>
>(ii) Family history of disturbances or destruction of property...;
>
>(iii) The owner's desire to use the unit for personal or family use, or for a purpose other than as a residential rental unit; or
>
>(iv) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, or desire to lease the unit at a higher rental).

In the instant matter Defendant Harvey informed the Hayes Family of his desire to use the unit for family use and renovations. (Exhibit L). Pursuant to the federal regulations, *supra*, the use of the unit for family use and renovations are sufficient good cause.

Plaintiffs argument that Defendant's desires to move in a family member and renovate are suspect is without basis for the following reasons:

9

1). All the three and four bedroom units located within this tri-duplex, with the exception of the Hayes' four bedroom unit, have been renovated. The Hayes' unit has never been renovated;

2). There is no legal basis for Plaintiff's assertion that Defendant Harvey move the Hayes family to another unit within the duplex during the renovations. To the contrary, as noted *supra*, per federal regulations and HUD's interpretation of same, **enhanced vouchers are tied to specific units and specific tenants**. (Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 5, emphasis added). Accordingly, the Hayes family will lose their enhanced voucher status if they are moved from their current unit located at 538B Pine Street to another unit within the duplex;

3). There is no legal basis for plaintiffs argument that Defendant Harvey should have moved his daughter into 540 B Pine Street. Plaintiffs merely raise this issue to create controversy where none exists. Of the two four bedroom units located in this duplex, 538B is the only unit that meets that needs of Defendant's family. Defendant's daughter, Elizabeth Hindman-Harvy, who recently had a child, testified that although she began discussing the move with her father in the spring of 2015, she and her family are only ready for a move now. (Exhibit M, pgs. 11-12);

4). Even assuming arguendo that plaintiff is able to establish that either Defendant should move the Hayes Family to 540 B (the only other 4 bedroom unit within the duplex) during the renovation and/or that Defendant's daughter should move into 540 B (the only other 4 bedroom unit within the tri-duplex), this issue is **moo**t since all the units within the duplex are

10

currently occupied with long term lease. There are no other units available to move either the Hayes Family and/or Defendant's daughter.

Of significance is that HUD[1] further explained in footnote 3 of it's amicus brief that:

> As noted supra, pg. 6, HUD has set forth a non-exclusive list of grounds for eviction in 24 C.F.R. §982.310, which includes eviction fo renovation or family use. If on remand defendant Harvey establishes that the eviction here was in fact for such a purpose, then he would have good cause to evict under the agency's regulations. *See* 24 C.F.R. §982.310(d)(iii),(iv).

(Exhibit W, Br. for U.S. Dep't of Hous. & Urban Dev. as Amicus Curiae at 19, fn 3).

**VIII.   CONCLUSION**

For the foregoing reasons, Defendant Harvey respectfully requests judgment in his favor and against Plaintiffs dismissing all claims against Defendant Harvey with prejudice.

Respectfully submitted,

KOLBER & RANDAZZO, PC

_____
Susanna Randazzo, Esquire
Attorney I.D. #79116
Attorney for Defendant Harvey
One South Broad Street, Suite 1610
Philadelphia, PA 19107
(215) 567-1333
Fax (215) 567-2099
srandazzo@krpc-law.com

DATE:  November 27, 2019

_____

[1] Both the Honorable Joseph A. Greenway, Jr. in his opinion and HUD in it's amicus brief state that HUD's interpretation of the enhanced voucher provisions is entitled to considerable weight under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).  See *Hayes* at 47 and Exhibit X at 11). Judge Greenway opined that "[t]he agency's position is reasonable, longstanding, and consistent, and it was adopted contemporaneously with the relevant amendment of the statute." *Id.* at 47.

**CERTIFICATE OF SERVICE**

    I, Susanna Randazzo, hereby certify that I caused a copy of Defendant Harvey's Motion for Summary Judgment to be served to all parties electronically by the E-Filing system, or by mail, on the date of E-Filing acceptance of the document.

Rachel Garland, Esquire<br>
Community Legal Services<br>
1424 Chestnut Street<br>
Philadelphia, PA 19102<br>
Attorney for Plaintiffs

KOLBER & RANDAZZO, P.C.

_____
Susanna Randazzo, Esquire

Dated: November 27, 2019