IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE HAYES and AQEELA FOGLE | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 15-2617 |
| PHILIP E. HARVEY | : | |
| Defendant. | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2019, upon consideration of the Plaintiff's Motion for Summary Judgment and Defendant Philip E. Harvey's Response thereto, it is hereby ORDERED that Plaintiff's Motion is DENIED and Plaintiff's Complaint For Declaratory and Injunctive Relief is hereby DISMISSED against Defendant Harvey with prejudice.

BY THE COURT:

_____
NITZA I. QUINONES            J.

IN THE UNITED STATES EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE HAYES and AQEELA FOGLE : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | NO. 15-2617 |
| PHILIP E. HARVEY : | |
| Defendant. : | |

### DEFENDANT PHILIP E. HARVEY'S REPLY TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Harvey, by and through his attorney, Susanna Randazzo, Esquire, hereby replies as follows to Plaintiff's Motion for Summary Judgment:

**A.     Enhanced Voucher Tenants May Be Evicted for Good Cause**

Plaintiff erroneously contends that good cause for terminating enhanced voucher tenants either during the term of the lease or at the end of the lease must be related to tenant misconduct. However this interpretation is suspect because plaintiff fails to recognize that the plain language[1] of 42 U.S.C. 1437f(t)(1) states that enhanced vouchers "shall be voucher assistance under subsection (o)" except in four enumerated area, none of which are related to evictions and/or good cause. 42 U.S.C. 1437f(t)(1). Plaintiff is asking the court to ignore the "other good cause" provision of subsection (o)(7) and conclude that evictions are only permissible for serious or repeated violations of the lease. This interpretation is not consistent with the plain reading of the

---

[1]Plaintiff's motion provides that "statutes should be read and understood according to their plain language." (Plaintiff's Motion for Summary Judgment, pg. 15). Notwithstanding this assertion, she fails to acknowledge that the statute clearly and unambiguously states that enhanced vouchers are generally treated like standard vouchers with the exception of the enumerated areas provided in the statute.

statute, Congressional intent, HUD interpretation and/or opinions of our distinguished courts. Of all the cases cited by Plaintiff, none of the decisions state that the eviction grounds found in subsection (o)(7) do not apply to enhanced voucher tenants.

  The District Court Judge in Barrientos held that:

> "In short, even though enhanced-voucher tenants have a right to remain in tenancy, Congress never intended to tie the hands of owners such that they are saddled with enhanced-voucher tenants who cannot be evicted for statutory cause. Even HUD interprets subsection (t) to be subject to the eviction grounds in subsection (o)(7). *See* HUD Notice PIH 2001-4 (IIA), Section 8 Tenant-Based Assistance (Enhanced and Regular Housing Choice Vouchers) For Housing Conversion Actions - Policy and Processing Guidance (Nov. 14, 2001).

*Barrientos v. 1801-1825 Morton, LLC*, No. 06-6437, 2007 WL 7213974, *16.

  Moreover, Plaintiff seems to ignore the Amicus Brief for the United States Department of Housing and Urban Development wherein HUD unequivocally states that:

> "The statutory provisions and regulations governing the Housing Choice Voucher Program generally apply to the enhanced voucher program, *see* 42 U.S.C. §1437f(t)(1). Thus, enhanced voucher tenants, like Housing Choice voucher tenants, may be evicted for "serious or repeated violation of the terms and conditions of the lease, for violations of applicable Federal, State, or local law, or for other good cause. Id. §1437 f(o)(7)©; see also 12 U.S.C. §1715z-1b (stating that the lease for enhanced voucher unit must include 'good cause' eviction clause).

(Exhibit X, HUD Brief For The United States Department of Housing & Urban Development As Amicus Curiae at 6, fn 1).

  Moreover, HUD issued a publication that provided guidance to tenants regarding their rights to remain in their homes when landlords decide to exercise their opt-out prerogative. The HUD Policy Guide provides that owners who have decided to opt-out of the project based Section 8 program to certify that they "will comply with the requirements to allow families

receiving enhanced vouchers who elect to remain to do so as long as the property remains a rental property, unless the owner has just cause for eviction." (See Exhibit 2, Section 8 Renewal Policy Guide, page 5-6, emphasis added).

In 2007, on appeal the *Barrientos* Court for the Central District of California, held that:

> "The position of the United States is entitled to deference, as is HUD's most recent guidance document. "[W]hen an agency invokes its authority to issue regulations, which then interpret ambiguous statutory terms, the courts defer to its reasonable interpretations." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 128 S.Ct. 1147, 1154, 170 L.Ed.2d 10 (2008). "[T]he agency is entitled to further deference when it adopts a reasonable interpretation of regulations it has put in force." *Id.* at 1155 (citing *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (deferring to the agency's position unless it is "plainly erroneous or inconsistent with the regulation" (internal quotation marks omitted))). Further, an agency's litigation position in an amicus brief is entitled to deference if there is "no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter." *Auer*, 519 U.S. at 462, 117 S.Ct. 905. And, as explained above, the interpretive policy statements are at least "entitled to a measure of respect under the less deferential *Skidmore* standard." *Fed. Express Corp.*, 128 S.Ct. at 1156 (internal quotation marks omitted)."

*Barrientos v. 1801-1825 Morton, LLC*, No. 06-6437, 2007 WL 7213974, *6, *aff'd on other grounds*, 583 F.3d 1197 (9th Cir. 2009).

Accordingly, the provisions of 42 U.S.C. 1437 (o) regarding termination of tenancy for good cause is applicable in the case at hand.

### B. There is No Evidence that Defendant Hayes is Seeking Eviction for Business or Economic Reasons

Plaintiff claims, with no evidentiary basis, that Defendant Hayes is seeking eviction for business or economic reasons. To the contrary, the good cause basis for the proposed eviction is for Defendant's need to renovate the unit and his desire to move family into the unit which is consistent with 24 C.F.R. §982.310 (d)(1). As noted in Defendant's Motion for Summary Judgement, all of the three and four bedroom units located within this tri-duplex, with the

exception of the Hayes' four bedroom unit, have been renovated. The Hayes' unit has never been renovated and no changes have been made to the carpets, floors, kitchen fixtures/cabinets, bathroom fixtures and plumbing. Moreover, at the present moment all of the other 3 and 4 bedrooms units are all occupied with long term lease agreements. There simply is no business or economic reason for the eviction especially in light of the recent rent increase of the contract rent from $2,400 per month to $3,400 per month.

For the foregoing reasons, Defendant Harvey respectfully requests judgment in his favor and against Plaintiffs dismissing all claims against Defendant Harvey with prejudice.

C. **Plaintiff Is Not Entitled To Attorney's Fees**

Plaintiffs bring this action against the defendant landlord claiming a right to remain in the property pursuant to the Lease (See Plaintiff's Exhibit "I") and the Enhanced Voucher Statute, 42 U.S.C.§ 1437f. There is no provision in either the Lease Agreement or the Enhanced Voucher Statute which entitles plaintiffs a right to recover attorney's fees. As a matter of fact, in the case at hand, there is no federal or state statute which grants plaintiffs the right to recover attorney's fees.

In Pennsylvania, a party is not entitled to recover attorney's fees in the absence of a statute that establishes recovery or a contract where the parties agree to the recovery. *Bayne v. Smith*, 965 A.2d 265, at 265 (Pa. Super. 2009) *Neal v. Bavarian Motors*, Inc., 882 A.2d 1022, 1032 n. 11 (Pa. Super.2005), allocatur denied 589 Pa. 722, 907 A.2d 1103 (2006). Additionally, Pennsylvania's Landlord and Tenant Act of 1951 is silent on the recovery of attorney's fees.

Similarly, federal courts follow the "American Rule" under which attorney's fees are not ordinally recoverable absent a statute or contract providing for them. *Board of Trustee, Roofers Local No. 30 Combined Welfare Fund v. International Fidelity Ins. Co.*, 63 F. Supp. 3d 459, 474

(E.D. Pa. 2014).

    Accordingly, given the absence of a provision in the parties' Lease Agreement, and in the absence of a statute providing for recovery of attorney's fees, plaintiffs are not entitled to recover such fees.

                                        Respectfully submitted,

                                        KOLBER & RANDAZZO, PC

                                        _____
                                        Susanna Randazzo, Esquire
                                        Attorney I.D. #79116
                                        Attorney for Defendant Harvey
                                        One South Broad Street, Suite 1610
                                        Philadelphia, PA 19107
                                        (215) 567-1333
                                        Fax (215) 567-2099
                                        srandazzo@krpc-law.com

Date:   December 11, 2019

## **CERTIFICATE OF SERVICE**

I, Susanna Randazzo, hereby certify that I caused a copy of Defendant Harvey's Response to Plaintiffs' Motion for Summary Judgment to be served to all parties electronically by the E-Filing system, or by mail, on the date of E-Filing acceptance of the document.

Rachel Garland, Esquire
Community Legal Services
1424 Chestnut Street
Philadelphia, PA 19102
Attorney for Plaintiffs

George A. Donnelly, Esquire
Public Interest Law Center
2 Penn Center
1500 JFK Boulevard, Suite 802
Philadelphia, PA 19102
Attorney for *amici curiae* National Housing Law Project

KOLBER & RANDAZZO, P.C.

_____
Susanna Randazzo, Esquire
Attorney for Defendant Harvey

Date:   December 11, 2019