# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEODORE HAYES,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 15-2617 |
| **v.** | : | |
| | : | |
| **PHILIP E. HARVEY** | : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 4th day of September 2020, upon consideration of the parties' cross-motions for summary judgment, [ECF 44, 45], the parties' respective responses in opposition thereto, [ECF 50, 51], and the *amicus* brief of the National Housing Law Project and the Housing Justice Network, [ECF 48], it is hereby **ORDERED** that the cross-motions for summary judgment, [ECF 44, 45], are **DENIED**.[1]

---

[1] On appeal of this matter to the United States Court of Appeals for the Third Circuit, the Third Circuit held that Plaintiffs were entitled to invoke a "right to elect to remain" under § 1437f(t)(1), *Hayes v. Harvey*, 903 F.3d 32, 41-42, (3d Cir. 2018) and that Defendant Philip E. Harvey (landlord) could only evict Plaintiffs while they were the beneficiaries of the enhanced voucher "for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause." *Id.* at 44 (quoting § 1437f(o)(7)(C)). Instantly, the sole issue raised by the parties' cross-motions for summary judgment is whether Defendant has presented evidence sufficient to meet the requisite "other good cause" necessary for eviction of Plaintiffs from their Section 8 housing, for which they receive enhanced vouchers under 42 U.S.C. § 1437f(t)(1)(8). The parties dispute the statutory definition of "other good cause" and whether Defendant has proffered evidence sufficient to demonstrate "other good cause."

As to the definition of "other good cause," Plaintiffs argue that it is limited to tenant misconduct and does not include the Defendant's decision to either renovate the property or to permit his daughter to occupy the apartment. Defendant, on the other hand, disagrees and argues that "other good cause" includes his decision to both renovate the apartment and/or allow his daughter to live in the apartment. In its decision, the Third Circuit expressly remanded the matter for this Court to address this issue in the first instance. *Id.* at 49. Though the Third Circuit did not reach its own conclusion as to the definition of "other good cause," this Court finds that the Third Circuit's reasoning underlying its holding with respect to Plaintiff's "right to remain" dictates the denial of both parties' underlying motions for summary judgment.

In its decision, the Third Circuit expressly found that the "other good cause" language presented a "statutory ambiguity" which created a "statutory gap." *Id.* at 48. "Filling [such] gaps . . . involves difficult policy choices that ***agencies are better equipped to make than courts***." *Id.* (quoting *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005) (emphasis added)). "Under the

familiar *Chevron* analysis . . . [i]f . . . the statute is silent or ambiguous with respect to the question as issue, we give 'controlling weight' to the agency's interpretation unless it is 'arbitrary, capricious, or manifestly contrary to the statute.'" *Id*. (quotations and citations omitted).  Unfortunately, and as noted by the Third Circuit, although the relevant agency here, the Department of Housing and Urban Development ("HUD"), has provided two different definitions for "other good cause," (one for tenant-based vouchers and one for project-based vouchers), it has not provided by way of interpretive regulation a definition for "other good cause" for enhanced vouchers.  *Id*. at 48.  Thus, this Court is left without any gap-filling regulations by which to be guided as to the definition of "other good cause" for enhanced vouchers.

HUD, however, has provided some indication of its interpretation of the term "other good cause" for enhanced vouchers.  First, as noted by the Third Circuit, HUD has proposed a rule, that provides:  "[t]he owner may not terminate the tenancy of a family that exercises its right to remain except as provided in § 982.310."  81 Fed. Reg. 74372-01, at 74374-75.  Section 982.310, which has been implemented, provides that "good cause may include . . . the owner's desire to use the unit for personal or family use . . . or renovation of the unit . . . ."  As part of the rulemaking process, HUD sought comment on this proposed rule, but to date, has not implemented it.

Significantly, in the course of this litigation, HUD stated unequivocally that a landlord may evict a tenant with enhanced vouchers for any of the reasons set forth in § 982.310.  Specifically, in its *amicus* brief to the Third Circuit in this matter, HUD wrote:

> The statutory provisions and regulations governing the Housing Choice Voucher Program generally apply to the enhanced voucher program, see 42 U.S.C.§ 1437f(t)(1).  Thus, enhanced voucher tenants, like Housing Choice voucher tenants, may be evicted "for serious or repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause."  *Id*. § 1437f(o)(7)(c); see also 12 U.S.C. § 1715z-1b (stating that the lease for an enhanced voucher unit must include a "good cause" eviction clause).  HUD has defined the grounds for eviction in 24 C.F.R. § 982.310, which include, but are not limited to, an enhanced voucher tenant's failure to pay their share of the rent, a tenant's criminal activity, a tenant's destruction of the owner's property, the owner's desire to use the unit for personal or family use, and a business or economic reason for termination of the tenancy (such as a desire to renovate the unit). (HUD's Amicus Brief at p. 6 n.1).

\*\*\*

> As noted supra p. 6, HUD has set forth a non-exclusive list of grounds for eviction in 24 C.F.R. § 982.310, which includes eviction for renovation or family use.  ***If on remand defendant Harvey establishes that the eviction here was in fact for such a purpose, then he would have good cause to evict under the agency's regulations.  See 24 C.F.R. § 982.310(d)(iii), (iv).***  (*Id*. at p. 19 n.3) (emphasis added).

In light of the Third Circuit's finding in this matter that HUD's interpretation of the statutes at issue is entitled to "considerable weight" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), *see Hayes*, 903 F.3d at 46-48, this Court finds that "other good cause" in the context of enhanced vouchers *may* include an owner's desire to use the unit for personal or family use or to renovate the unit.  *See Price v. Stevedoring Services of America, Inc.*, 697 F.3d 820, 831 n. 6 (9th Cir. 2012) (collecting decisions of appellate courts giving *Skidmore* deference to agencies' litigation positions).  However, because the "good cause" determination is "an inevitably fact-intensive inquiry," *Hayes*, 903 F.3d. at 49, and one that will require a

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

factfinder to assess the credibility of witnesses, this determination must await trial. *See id.* ("As the good cause question may implicate critical, unresolved factual questions, summary judgment is inappropriate at this juncture, because we are unable to conclude that there is no genuine dispute as to any material fact."). Accordingly, the parties' cross-motions for summary judgment are denied.