UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
THEODORE HAYES and          :
AQEELA FOGLE                :
                            :
                            :   Case No. 15-cv-2617
Plaintiffs,                 :
                            :
v.                          :
                            :
PHILIP E. HARVEY,           :
                            :
Defendant                   :
_____:

**ORDER GRANTING PLAINTIFF'S
EMERGENCY MOTION FOR A TEMPORARY RESTRAINING AND
PRELIMINARY INJUNCTION**

AND NOW, this _____ of _____, 2021, upon consideration of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and any opposition thereto, this Court grants Plaintiff's motion and hereby orders that Defendant Philip E. Harvey and any persons acting on his behalf shall refrain from taking any actions to re-rent 540B Pine Street to anyone other than the Hayes family, pending the outcome of this action.

Dated: _____         _____
                                U.S. District Court Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
THEODORE HAYES and : 
AQEELA FOGLE :
 :
 : Case No. 15-cv-2617
Plaintiffs, :
 :
v. :
 :
PHILIP E. HARVEY, :
 :
Defendant :
_____:

**PLAINTIFF'S NOTICE OF EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

TO DEFENDANT AND HIS ATTORNEY OF RECORD:

Please take notice that on a date and time certain to be noticed by the Court, the Plaintiff, Aqeela Fogle, will move this Court to issue a temporary restraining order and preliminary injunction barring Defendant Philip E. Harvey and any person acting on his behalf from re-renting 540B Pine Street to anyone other than the Hayes family. Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff, by and through her undersigned counsel, hereby moves for a temporary restraining order and preliminary injunction. For the reasons set forth in the accompanying Memorandum of Law, the Complaint and the Supplemental Complaint, Plaintiff requests this temporary restraining order and preliminary injunction be granted because failure to do so will irreparably harm the Plaintiff by denying her the Right to Remain in the housing project in which she has been a long-time tenant subsidized with an Enhanced Voucher. Enhanced Voucher Statute, 42 U.S.C. § 1437f(t).

2

Counsel for Plaintiff has notified Counsel for Defendant of this Motion by phone and email on May 11, 2021.

Dated: May 11, 2021                              Respectfully submitted,

                                                 */s/ Rachel Garland*_____
                                                 Rachel Garland and George Gould
                                                 COMMUNITY LEGAL SERVICES, Inc.
                                                 1424 Chestnut Street
                                                 Philadelphia, PA 19102
                                                 Telephone: 215-981-3778
                                                 rgarland@clsphila.org
                                                 *Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
THEODORE HAYES and           :
AQEELA FOGLE                 :
                             :
                             :  Case No. 15-cv-2617
Plaintiffs,                  :
                             :
v.                           :
                             :
PHILIP E. HARVEY,            :
                             :
Defendant                    :
_____:

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiff Aqeela Fogle ("Hayes family") moves for an emergency motion for a temporary restraining order and preliminary injunction to prevent her landlord, Philip E. Harvey ("Defendant Harvey") from re-renting the currently available unit next door to hers, 540B Pine Street, to anyone other than the Hayes family. In 2015 Defendant Harvey notified the Hayes family that he would not renew their lease for their long-time home at 538B Pine Street due to his desire to renovate their unit and move his daughter into their unit. The Hayes family filed a complaint and first motion for preliminary injunction at that time alleging that the Hayes family had a Right to Remain in their home under the Enhanced Voucher Statute, 42 U.S.C. § 1437f(t). In 2018, the Third Circuit upheld the Hayes family's Right to Remain in the housing project where they live with the assistance of an Enhanced Voucher housing subsidy. *Hayes v. Harvey*, 903 F.3d 32, 45 (3rd Cir. 2018). The Third Circuit remanded this case to this Court for a factual determination as to whether Defendant Harvey's stated reasons for not renewing the

4

Hayes family's lease constitute good cause sufficient to break the Hayes family's Right to Remain in the housing project. *Hayes v. Harvey*, 903 F.3d at 49.

As plaintiff pled in her recently filed Supplemental Complaint [Docket No. 62], Defendant Harvey has had multiple opportunities over the past six years to accomplish his stated intent of renovating the Hayes family's unit and moving his daughter into the project without violating the Hayes family's Right to Remain in the project. The housing project consists of a singly-deeded set of three adjacent duplexes, 536, 538 and 540 Pine Street. The Hayes family live in the middle upstairs unit, 538B Pine Street. The upstairs units on either side of the Hayes family's unit are of a similar size, though both have already been renovated whereas the Hayes family's unit has not been renovated since it was built in 1982. The Enhanced Voucher Statute specifically ties the tenant's Right to Remain to the housing *project* and not to the individual unit in the project. *See* Department of Housing and Urban Development ("HUD") Notice PIH-2016-02 (HA) "Enhanced Voucher Requirements for Over-Housed Families" available at: https://www.hud.gov/sites/documents/16-02PIHN.PDF. *See also Hayes v. Harvey*, 903 F.3d at fn. 6 ("We acknowledge that the right to elect to remain is tied, not to the particular unit, but to the "same project in which the family was residing on the date of the eligibility event." 42 U.S.C. §1437f(t)(1)(B)).

At multiple points throughout this case the two similarly-sized units on either side of the Hayes family became available for rent and were options for Defendant Harvey to move the Hayes family into, either temporarily or permanently. At each point in time, including but not limited to the spring of 2015, 2016, 2020 and now currently in May 2021, Defendant Harvey has failed to do so. Defendant Harvey even pled recently that

he could not because no unit was currently available. Def. Mot. Summ. Judg., p. 10, Docket No. 45. However, at this time, one of the next-door units, 540B Pine Street, is now available for rent and is currently listed on Defendant Harvey's own website, Foremost Locations (https://foremostlocations.com/540-pine-street) as well as multiple other rental listing platforms including Zillow (https://www.zillow.com/homedetails/540-Pine-St-B-Philadelphia-PA-19106/2111809693_zpid/), Hotpads (https://hotpads.com/540-pine-st-philadelphia-pa-19106-1pk64gy/b/pad) and Apartments.com (https://www.apartments.com/540-pine-st-philadelphia-pa/9x25s66/). These facts and Defendant Harvey's blatant disregard for the Hayes family's Right to Remain in the project, even after the Third Circuit's ruling in this case, undermine his alleged good cause reasons and prove them to be a pretext.

The Hayes family therefore are filing this emergency motion for a temporary restraining order and preliminary injuction to prevent Defendant Harvey from renting the adjacent apartment at 540B Pine Street to anyone other than the Hayes family, as he is required to do under the Enhanced Voucher Statute and HUD guidance if he terminates the Hayes lease on the basis that he wants to renovate their unit or move his daughter into their unit.[1]

---

[1] The Enhanced Voucher Statute's Right to Remain necessitates that a good cause reason to not renew a tenants lease requires a showing of tenant misconduct, which does not exist in this case. However, even if good cause in the Enhanced Voucher context is interpreted to include a landlord's desire to renovate or move a family member into a tenant's unit, then the landlord is required to offer a suitable available unit in the project to the family holding an Enhanced Voucher because their Right to Remain is to the project and not to a particular unit. 42 U.S.C. § 1437f(t)(1)(B), *see also Hayes v. Harvey*, 903 F.3d at fn. 6.

## I. STATEMENT OF FACTS

**A. The Hayes Family have a Right to Remain, under the Enhanced Voucher Statute, in an Appropriately-Sized Unit Within the Housing Project Where They Currently Rent an Apartment.**

The Hayes family is one of the last of the original families who moved into a housing project called Washington Square East in the heart of Society Hill when it was built in 1982. Joint Statement of Undisputed Facts, submitted by both parties as part of their Second Motions for Summary Judgment [Docket Nos. 44 and 45] attached as Exhibit A, p. 5. Washington Square East was built and subsidized with federal project-based Section 8 subsidies under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f. *Id.* In 2008 the owner of Washington Square East opted out of renewing the project-based Section 8 contract for the whole housing development. *Id*, p. 6. As required by federal law, HUD provided the local Philadelphia Housing Authority with the funding to issue tenant-based Section 8 Enhanced Vouchers ("Enhanced Vouchers") to the existing tenants pursuant to 42 U.S.C. § 1437f(t). *Id*., p. 7.

The following facts demonstrate the importance to the Hayes family's case of the Right to Remain *in the project* and of Defendant Harvey's failure to recognize that right. In August 2010 the Washington Square East owner sold part of the development, the property parcel 536-540 Pine Street, which consists of a singly-deeded group of three adjacent, duplex row homes, totaling six units to Defendant Harvey. *Id*., p. 8. At the time of the sale, the Hayes family and one other family were still living in the property, now with voucher leases subsidized with Enhanced Vouchers. *Id*., p. 11. The three first-floor units, 536A, 538A and 540A Pine Street are all similarly sized one-bedroom units.

7

*Id.*, p. 9.  And, the three upstairs units, 536B, 538B, and 540B Pine Street are all similarly sized three to four bedroom units.  *Id.*, p. 10.  Shortly after purchasing the property, in November 2010, Defendant Harvey signed an Enhanced Voucher lease with Mrs. Florence Hayes, the head of household at the time for the Hayes family for the middle upstairs unit, 538B Pine Street, where the family had been living for the past twenty-eight years.  *Id.*, p. 11.  The parties renewed the lease in 2011 for a two-year term and again in 2013 for another two-year term without issue.  *Id.*

   **B.  Defendant Harvey is Seeking to Not Renew the Hayes Family's Lease in Violation of their Right to Remain Under the Enhanced Voucher Statute.**

   This case began in early 2015 when the Hayes family's lease came due for renewal and Defendant Harvey took steps to not renew the lease.  On February 17, 2015 Defendant Harvey sent the Hayes family a notice of non-renewal of lease and on May 1, 2015, sent a five-day eviction notice.  *Id.*, p. 19, 20.  Defendant Harvey articulated three reasons he did not want to renew the lease: (1) due to the death of the head-of-household,[2] (2) a desire to renovate the unit and (3) a desire to move a family member into the Hayes family's unit.  *Id.*, p. 20-21.  Defendant Harvey has stated that he intends to move his daughter, Elizabeth Hindman-Harvey, who resides nearby in a three-bedroom unit at 305 Montrose Street into the Hayes family's unit.  *Id.*, p. 21.

---

[2] While the first stated reason, the death of the head-of-household, was included in the initial notices, Defendant Harvey has stepped back from this and is now proceeding solely on the remaining two reasons, desire to renovate the unit and move a family member into the unit.  *See* Defendant's Motion for Summary Judgment [Docket No. 45], p. 9.

**A.  Defendant Harvey has had Multiple Opportunities to Achieve his Stated Purpose Without Violating the Hayes Family's Right to Remain Under the Enhanced Voucher Statute.**

In 2015, from when Defendant Harvey sent the initial notice of lease non-renewal through a few months later when Defendant Harvey sent the eviction notice, and the complaint and motion for preliminary injunction was filed in this case, the two other comparable units in the project owned by Defendant Harvey were put on the market as available for rent.  From approximately February 2015 through June 2015 the next-door four-bedroom unit at 540B Pine Street was vacant.  *Id*., p. 27.  540B Pine Street is the same size as the Hayes family's unit, except that Defendant Harvey renovated it in 2015 to include an additional bathroom, and 540B Pine Street is the corner unit in the project as opposed to the other two, which are inner-row units in the project.  *Id*., p. 27.  After renovations were completed, Allison Hindman-Harvey, Defendant Harvey's daughter and property manager for these addresses, listed 540B Pine Street for rent from at least May 8, 2015 through June 2015 and a new lease was not signed until July 2015.  *Id*., p. 29.

Around the same time, Allison Hindman-Harvey also listed the unit on the other side of the Hayes family's unit, 536B Pine Street, for rent from approximately May through mid-July 2015.  536B Pine Street is also the same size as the Hayes family's unit except that it was renovated in 2010 to have only three bedrooms and to include an additional bathroom.  *Id*., p. 31. Rather than move his daughter Elizabeth Hindman-Harvey into either of these two available and comparable units in the project, or alternatively transfer the Hayes family temporarily or permanently into either unit, so as to renovate the Hayes family's unit while recognizing their Right to Remain in the

9

project, Defendant Harvey instead sent a lease non-renewal notice and eviction notice to the Hayes family. *Id*., p. 19, 20.

A year later, on May 10, 2016 this Court entered an Order that the Hayes family's motion for summary judgment was denied and Defendant's motion for summary judgment was granted. Docket nos. 24-25. Coincidentally, at this same time, Allison Hindman-Harvey again listed 540B Pine Street for rent in the spring of 2016 from approximately April 4, 2016 until at least May 23, 2016. Joint Statement, p. 32. During this time, rather than move his daughter Elizabeth, into this available unit, or move the Hayes family temporarily or permanently into this available unit so as to do renovations on the Hayes family's unit, Defendant Harvey filed a Landlord Tenant eviction case in state court on May 25, 2016 against the Hayes family alleging termination of term. *Id*., p. 34.

The Hayes family appealed the District Court decision and in August 2018 the Third Circuit entered an *en banc* precedential decision and Order upholding the Hayes family's Right to Remain in the project and remanding the case to this Court for a factual determination as to whether Defendant Harvey's stated reasons constituted good cause under the Enhanced Voucher Statute. *Hayes v. Harvey*, 903 F.3d 32 (3rd Cir. 2018).

After the date of the Third Circuit's remand order in this case, two important factual developments occurred. In October 2018, Defendant Harvey submitted a Request for Rent Increase to the Philadelphia Housing Authority ("PHA") requesting that effective May 1, 2019 the rent for the Hayes family's lease be increased from $2,400 per month to $3,400 per month. Joint Statement, p. 40. PHA granted the request and increased the rent $1,000 per month to $3,400 effective June 1, 2019. *Id*., p. 41. In

contrast to the two adjacent units in the project, 536B and 540B Pine Street, the Hayes family's unit has not been renovated since it was built in 1982. *Id*., p. 50.

Last year, in 2020, the next-door unit, 536B Pine Street, was again available for rent on the private market, and was being offered for less than PHA was paying for the Hayes' family's un-renovated unit. *See* Supplemental Complaint [Docket No. 62], Exhibit A. Allison Hindman-Harvey listed 536B Pine Street for rent on approximately March 4, 2020 for $3,800. *Id*. On May 5, 2020 the listing price was reduced to $3,600 per month. *Id*. On June 2, 2020 the listing price was reduced to $3,400 per month. *Id*. On September 17, 2020 the listing price was reduced to $3,300 per month and on September 25, 2020 the listing price was reduced to $3,250 per month. *Id*. As of October 2, 2020 the unit was still available for rent with a confirmed asking price of $3,250. *See Id*., Exhibit B. During the spring or summer of 2020, upon information and belief, 540B Pine Street was also listed for rent. *See Id*., Exhibit C. Yet again, and even after the Third Circuit entered its Order upholding the Hayes family's Right to Remain in the project, Defendant Harvey choose not to move his daughter Elizabeth Hindman-Harvey into either of these two available units, nor has he temporarily or permanently moved the Hayes family into either unit in order to renovate the Hayes family's unit. Rather than take available steps that would have satisfied his stated purpose for terminating the Hayes family lease, he refused to do so and instead pursued litigation to remove the Hayes family entirely from the project.[3]

---

[3] Instead, Defendant Harvey filed a cross motion for summary judgment and is continuing to litigate this case, with a trial scheduled for June 10, 2021.

**D. Defendant Harvey is Now Required to Move the Hayes Family Into the Available, Adjacent Unit at 540B Pine Street.**

Currently, the next-door unit, 540B Pine Street, is again available for rent on the private market. See Apartment.com Rental Listing for 540 B Pine Street attached as Exhibit B. Allison Hindman-Harvey listed 540B Pine Street for rent on approximately May 3, 2021. *Id*. According to the listing the apartment will be ready for move in on July 1, 2021. *Id*. The apartment is a 4-bedroom apartment and has already been renovated. *Id*. The Hayes family are prepared to move into 540B Pine Street on July 1, 2021. *See* Declaration of Aqeela Fogle attached as Exhibit C. As required by the Enhanced Voucher Statute, the Philadelphia Housing Authority will approve this move as it will enable the Hayes family to stay in the project. 42 U.S.C. § 1437f(t)(1)(B), *see also Hayes v. Harvey*, 903 F.3d at fn. 6. The Philadelphia Housing Authority will authorize payment of the requested rent by Defendant Harvey provided that such rent is reasonable and meets PHA requirements. 42 U.S.C. § 1437f(t)(1)(B). Because the tenant will be moved within the project, the Hayes family's Enhanced Voucher will retain its "enhanced" payment and the Right to Remain. 42 U.S.C. § 1437f(t)(1)(C).

## II. ARGUMENT

The Hayes family meets the standard for granting a preliminary injunction. "In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 119

(3d Cir. 2010) (internal quotations and citations omitted).  The Hayes family meets all four of these elements.

### A.  The Hayes Family are Likely to Succeed on the Merits

The Third Circuit unequivocally held that the Enhanced Voucher Statute gave Enhanced Voucher tenants "a right to choose to stay in their housing developments such that their landlords may not evict them without cause, even at the end of a lease term … absent good cause, Harvey must renew the Hayes family's lease." *Hayes v. Harvey*, 903 F.3d at 45.  The Court then explained that "as the good cause question may implicate critical, unresolved factual questions … we will therefore remand to the District Court so that it may consider in the first instance whether Harvey has good cause for nonrenewal under the circumstances of this case." *Id*. at 49.  The Supplemental Complaint [Docket No. 62] provides a number of facts important to resolution of those questions.

In addition to the legal question of whether Defendant Harvey's stated reasons constitute good cause under the Enhanced Voucher Statute, is the more basic question of whether Defendant Harvey's stated reasons are factually true and in good faith.  The supplemental facts in the Supplemental Complaint speak directly to the truthfulness and good faith of Defendant Harvey's alleged reasons for not renewing the Hayes family's lease: desire to renovate the Hayes family's unit and desire to move a family member into that unit.  Defendant Harvey had multiple opportunities to renovate the Hayes family's unit by moving the Hayes family into either of the adjacent units in the project either temporarily while renovations were completed, or permanently.  Likewise, if Defendant Harvey truly wanted to move his daughter Elizabeth into the project, there were multiple opportunities for Defendant Harvey to move her into either of the adjacent units or to

relocate the Hayes family into these other two units in the project so as to move his daughter into the Hayes family's unit.

      Under the Enhanced Voucher Statute, Enhanced Voucher tenants "may elect to remain *in the same project* in which the family was residing on the date of the eligibility event for the project." 42 U.S.C. § 1437f(t)(1)(B) (emphasis added). That the Right to Remain is tied to the project and not to a particular unit is illustrated by HUD's guidance that when a tenant family is living in a unit in the project that is too large for their family size they are required to relocated to a more appropriately-sized unit in the property if and when it becomes available. HUD Notice PIH-2016-02 (HA) "Enhanced Voucher Requirements for Over-Housed Families". *See also Hayes v. Harvey*, 903 F.3d at fn. 6 ("We acknowledge that the right to elect to remain is tied, not to the particular unit, but to the "same project in which the family was residing on the date of the eligibility event." 42 U.S.C. §1437f(t)(1)(B). One would think, then, that at least under certain circumstances, property owners could arrange for an enhanced voucher family to move to another unit in the "same project"). Yet, even after this ruling, Defendant Harvey continued to choose to ignore the Hayes family's Right to Remain and instead persists in seeking to evict the Hayes family. The repeated (and current) opportunities for Defendant Harvey to move the Hayes family into suitable units in the project so he could renovate the Hayes family's unit and move his daughter into that unit demonstrate that Defendant Harvey's stated reasons for terminating the Hayes family's lease are not the real reasons for his actions and are simply pretext to achieve an end that the Enhanced Voucher Statute will not permit.

The multiple opportunities that Defendant Harvey had over the past six years since the initiation of this case to move the Hayes family into either adjacent unit either temporarily or permanently show that Defendant Harvey has not acted in good faith and that his alleged good cause reasons are a pretext. Courts have routinely held that landlords must act in good faith when terminating their tenants' leases for good cause reasons. *See Mak v. City of Berkeley Rent Stabilization Bd.*, 240 Cal.App.4th 60 (2015) (Court of Appeals rejected landlord's "subterfuge" for serving a long-time tenant with a lease non-renewal notice claiming their son was moving in and paying the tenant to vacate, and then re-renting the unit for double the rent, claiming the tenant had voluntarily vacated to get around local rent control laws); *Delisi v. Lam*, 39 Cal.App.5th 663 (2019) (Court of Appeals held that the good faith requirement in local rent ordinance was a reasonable way to prohibit landlords from intentionally undermining rent control protections); *Faciszewski v. Brown*, 187 Wash.2d 308 (Wa. 2016) (Court held that under Seattle Just Cause eviction ordinance, tenant may challenge landlord's asserted good cause of family-member move-in in the possessory proceeding, which is not displaced by the law's express post-judgment remedy); *Durruthy v. Brunert*, 228 N.J.Super 199, 200, 549 A.2d 456 (1988) (Court found that although the law allowed landlord right to remove tenant if they intended to personally occupy the unit, the record did not justify such a finding as the landlord had not adequately proven a bona fide intention to occupy the unit and over a year had passed since that stated intention); *Hale v. Farrakhan*, 390 N.J. Super. 335, 915 A.2d 581 (2007) (Court held that in a wrongful eviction action, landlord has the burden of proving his failure to personally occupy the unit was not arbitrary); *N'Jie v. Mei Cheung*, No. 09-919, 2001 WL 809990 (D.N.J. Mar. 1, 2011)(unpublished),

*aff'd*, 504 Fed.Appx. 108 (3d Cir. 2012) (Court differentiated between a tenant disputing the reason a landlord would want to personally occupy the unit as grounds for good cause to not renew a lease, rather than tenants disputing a landlord's actual intention to do so, which would have raised a genuine issue of material fact).

### B. The Hayes Family Will Suffer Irreparable Harm if the Injunction is Denied and Defendant Harvey is Allowed to Rent Out the Available Next-Door Unit.

The Hayes family currently consist of Plaintiff Aqeela Fogle and her three children who have all lived in their Society Hill home practically their entire lives. *See* Exhibit C. Two generations of the family—Mrs. Florence Hayes and former Plaintiff Theodore Hayes also lived in the home, as well as in prior iterations of the subsidized housing project in that neighborhood. *Id*. The Hayes family have deep ties to the neighborhood, most importantly the neighborhood public school, McCall Elementary which all four generations of the family attended and which Plaintiff Fogle's youngest son still attends. *Id*. Because of their attendance at one of the top public schools in Philadelphia, Plaintiff Fogle and her eldest daughter have attended college and Plaintiff Fogle's middle child is currently attending an excellent high school. *Id*. Plaintiff Fogle's younger children have significant ties to after school and other programs in the neighborhood. *Id*. If evicted from their home, the Hayes family will no longer be able to rent an appropriately sized apartment within Center City, much less within their neighborhood, as their Enhanced Voucher will be reduced to a regular voucher that is subject to a rent cap which precludes the Center City rental market. 42 U.S.C. § 1437f(t)(1)(C). The youngest son will not be able to finish elementary school at McCall and her two younger children will no longer benefit from the neighborhood ties, programs and personal safety of growing up in Society Hill. *Id*.

16

If evicted, the Hayes family's Right to Remain under the Enhanced Voucher Statute will be rendered meaningless as their landlord will have been able to evict them for no good cause reason, but rather for a pretext. Furthermore, such an eviction would be in violation of the Third Circuit *en banc* Order in this case which held that "the statute's plain language and history make evident that enhanced voucher holders may not be evicted absent good cause, even at the end of a lease term." *Hayes v. Harvey*, 903 F.3d at 36. The Third Circuit Order goes on to stress the importance of this Right to Remain, stating "If a landlord could simply ignore an eligible family's choice to stay and force them to leave, the statutory right would be meaningless." *Id* at 42. In case such as this one, "the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000).

**C. Granting Relief Will Not Result in Even Greater Harm to Defendant Harvey as it Allows Him to Proceed Immediately With His Stated Desire to Renovate 538B Pine Street and Move His Daughter In.**

Defendant Harvey has claimed since 2015 that he wants to renovate the Hayes family's unit at 538B Pine Street and move his daughter into the unit. He has repeatedly failed to use either of the adjacent units at 536B and 540B Pine Street as alternative options for his daughter and continues to litigate to regain possession of 538B Pine Street. By moving the Hayes family into 540B Pine Street, Defendant Harvey will achieve his goal of regaining use of 538B Pine Street in order to renovate it and move his daughter into that specific unit. Because the Hayes family's Right to Remain is tied to the project and not the specific unit in the project, the Hayes family's subsidy will

17

transfer with them so that Defendant Harvey will continue to receive fair market rent for 540B Pine Street, which will likely be his current asking price of $4,300 per month.  In moving the Hayes family, Defendant Harvey will be able to continue renting to good tenants with guaranteed rent in a unit.  See Joint Statement, p. 14.  Furthermore, he will reduce his property management burden by having a long-time tenant in 540B, a unit which he has had to expend property management resources by re-renting on an almost annual basis.  *Id*. at 27 (listing from 2015), 32 (listing from 2016), Supplemental Complaint, Exhibit D (listing from 2020), and Exhibit B (listing from 2021).

**D.  The Public Interest Favors Such Relief as It Will Resolve This Case Beneficially for Both Parties.**

Congress enacted the Enhanced Voucher Statute specifically to prevent the forced displacement of subsidized housing tenants, such as the Hayes family, when the owners of their subsidized housing projects opted-out of continued participation in the project-based housing subsidy program.  Congress created a strong anti-displacement right to continued occupancy that would enable tenants to stay in their homes, both at the termination of the project-based subsidy and continuing for future lease terms, absent good cause to evict.  Defendant Harvey, despite a Third Circuit *en banc* precedential opinion upholding this Right to Remain has tried multiple times in multiple different ways over the past six years to evict the Hayes family – despite readily admitting that they are good tenants, for whom he receives full market rent and has had to make no renovations to a unit built in 1982. Defendant Harvey's claims of good cause reasons to evict the Hayes family ring hollow due to the repeated availability, up through the present, of an adjacent apartment that he could move the Hayes family into so as to resolve his alleged good cause reasons to evict them.

The public interest would be served because having Defendant Harvey rent the available unit to the Hayes family not only complies with the Enhanced Voucher Statute, but also obviates the need for a trial in this case and resolves all issues because (i) Defendant Harvey can renovate the Hayes family's unit, (ii) Defendant Harvey can move his daughter into the Hayes family's unit, and (iii) the Hayes family's right to remain in the project has been secured.  Therefore, there are no outstanding issues to be litigated.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and prevent Defendant Harvey, or anyone acting on his behalf, from re-renting 540B Pine Street to anyone other than the Hayes family.

Dated:  May 11, 2021					Respectfully submitted,

					*/s/ Rachel Garland*_____
					Rachel Garland
					George Gould
					COMMUNITY LEGAL SERVICES, Inc.
					1424 Chestnut Street
					Philadelphia, PA 19102
					Telephone: 215-981-3778
					rgarland@clsphila.org
					*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|                                    |
| THEODORE HAYES and                 | :
| AQEELA FOGLE                       | :
|                                    | :   Case No. 15-cv-2617
| Plaintiffs,                        | :
|                                    | :
| v.                                 | :
|                                    | :
| PHILIP E. HARVEY,                  | :
|                                    | :
| Defendant                          | :
|_____:|

## CERTIFICATE OF SERVICE

I, Rachel Garland, attorney for Plaintiff Aqeela Fogle, certify that the attached Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction has been electronically served on counsel of record for Defendant Philip E. Harvey via the Eastern District of Pennsylvania's Electronic Case Filing system.

Dated: May 11, 2021                    Respectfully submitted,

                                       */s/ Rachel Garland*_____
                                       Rachel Garland
                                       George Gould
                                       COMMUNITY LEGAL SERVICES, Inc.
                                       1424 Chestnut Street
                                       Philadelphia, PA 19102
                                       Telephone: 215-981-3778
                                       *Attorneys for the Plaintiff*